Meredith L. Myers (MM 3896)
**BUCHANAN INGERSOLL PC**
1835 Market St., 14th Floor
Philadelphia, PA 19103
Tel: (215) 665-8700
Fax: (215) 665-8760
*Attorneys for Defendants Composites One LLC*
*and Cook Composites and Polymers Co.*

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JAN 26  ₧ 3: 22

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

VIKING YACHT COMPANY, a New Jersey          :
Corporation and POST MARINE CO., INC., a    :
New Jersey Corporation,                      :
                                             :       CIVIL ACTION NO. _05CV 538(PD)_
                    Plaintiffs,              :
                                             :
          v.                                 :
                                             :
COMPOSITES ONE LLC, a Foreign Limited        :
Liability Co., and COOK COMPOSITES AND       :
POLYMERS, a Missouri Corporation,            :
                                             :
                    Defendants.              :

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendants Composites One LLC ("Composites One")

and Cook Composites and Polymers Co. ("CCP") (collectively "Defendants"), by their

undersigned attorneys, hereby file this Notice of Removal of the above-captioned action to the

United States District Court for the District of New Jersey – Camden Vicinage, from the

Superior Court of New Jersey, Law Division, Burlington County, where it is now pending, as

provided by 28 U.S.C. §§ 1332, 1441 and 1446.

The grounds for removal to the United States District Court for the District of New Jersey

are as follows:

1.     Plaintiffs Viking Yacht Co. ("Viking Yacht") and Post Marine Co., Inc. ("Post Marine") (collectively "Plaintiffs"), commenced this civil action against Defendants by filing a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, captioned *Viking Yacht Company and Post Marine Co., Inc. v. Composites One LLC and Cook Composites and Polymers*, Docket No. BUR-L-003220-04. A true and correct copy of the First Amended Complaint served on Defendants is attached hereto as Exhibit "A."

2.     Upon information and belief, Plaintiffs' Complaint was filed on November 4, 2004. Also on information and belief, Plaintiffs' First Amended Complaint was filed on December 23, 2004.

3.     Composites One received notice of the above-captioned lawsuit on January 12, 2005, when it was served a copy of Plaintiffs' First Amended Complaint through its registered agent for service of process, Lexis Documents Service.

4.     CCP received notice of the above-captioned lawsuit on January 7, 2005, when a copy of Plaintiffs' First Amended Complaint was served directly on Curran Composites, Inc., a Missouri corporation and joint owner of CCP. On January 12, 2005, CCP was again served a copy of Plaintiffs' First Amended Complaint through Curran Composites, Inc.'s registered agent for service of process, Blackwell Sanders Peper & Martin LLP, located at 901 St. Louis Street, Suite 1900, Springfield, Missouri 65806.

5.     This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Plaintiff Viking Yacht is a corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business in Burlington County, New Jersey. *See* Exhibit "A," at ¶ 2.

7.      Plaintiff Post Marine is a corporation organized and existing under the laws of the State of New Jersey, and maintains its principal place of business in Atlantic County, New Jersey. *See* Exhibit "A," at ¶ 3.

8.      Defendant CCP is a fictitiously named Delaware partnership.  CCP is jointly owned by Curran Composites, Inc., a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri, and Total Composites Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Philadelphia, Pennsylvania.

9.      Defendant Composites One is a limited liability corporation organized and existing under the laws of the State of Rhode Island, and maintains its principal place of business in Arlington Heights, Illinois.  Composites One is jointly owned by GLS Corporation, an Illinois corporation with its principal place of business in Arlington Heights, Illinois, and CCP.

10.     Thus, Plaintiffs and Defendants are citizens of different states for purposes of the Court's diversity jurisdiction.

11.     In Counts One and Two of the First Amended Complaint, Plaintiffs allege that they have sustained damages arising out of "repairing the gel coat failures on various yachts, and also … future damages from the continued failure of the gel coat product on other yachts which are still in use." *See* Exhibit "A," at ¶¶ 33, 40.

12.     In Counts Three, Four, Five, Six, Seven, Eight, and Nine, Plaintiffs seek , *inter alia*, unspecified damages for Defendants' alleged breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, fraud, negligent

3

misrepresentation, and breach of express warranty. *See* Exhibit "A," at Counts Three, Four, Five, Six, Seven, Eight, and Nine.

13.     In Count Eleven, Plaintiffs claim to have suffered damages by Defendants' alleged violation of the New Jersey Consumer Fraud Act that "include, but are not limited to, repairs to yachts, damage to business goodwill and reputation and future damages with respect to yachts which have or will experience gel coat failures," and seek, *inter alia*, threefold statutory damages. *See* Exhibit "A," at ¶ 83.

14.     Count Twelve purports to set forth another claim under the New Jersey Consumer Fraud Act, and Plaintiffs allege unspecified damages for which they seek, *inter alia*, threefold statutory damages. *See* Exhibit "A," at Count Twelve.

15.     The amount in controversy in this action therefore exceeds the jurisdictional minimum for diversity actions of $75,000.00, exclusive of interest and costs.

16.     This Notice is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is being filed within thirty (30) days after Defendants were served with the First Amended Complaint – the initial pleading served on Defendants setting forth the claims on which the action is based. *See Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999).

17.     Defendants will give prompt written notice to Plaintiffs of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

18.     Defendants will promptly file a true and correct copy of this Notice of Removal with the Clerk for the Superior Court of New Jersey, Law Division, Burlington County, as is required by 28 U.S.C. § 1446(d).

19.     By removing the above-captioned case to this Court, Defendants do not waive any of the defenses available to them, but, on the contrary, preserve each and every one of those defenses.

20.     Defendants have attached hereto as Exhibit "A" the First Amended Complaint, which is the only pleading that has been served on Defendants in the state court action, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully request that the action now pending against it in the Superior Court of New Jersey, Law Division, Burlington County, be removed therefrom and proceed in this Court as an action properly removed to it.

Respectfully submitted,

By: _____

Meredith L. Myers (MM 3896)
**BUCHANAN INGERSOLL PC**
1835 Market St., 14th Floor
Philadelphia, PA 19103
Tel:  (215) 665-8700
Dated:  January 26, 2005                    Fax:  (215) 665-8760

*Attorneys for Defendants Composites One LLC*
*and Cook Composites and Polymers Co.*

*OF COUNSEL:*

Steven E. Bizar
PA Identif. No. 68316
**BUCHANAN INGERSOLL PC**
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103
Tel:  (215) 665-8700
Fax:  (215) 665-8760

*Attorneys for Defendants Composites One LLC*
*and Cook Composites and Polymers Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2005, a true and correct copy of the foregoing Notice

of Removal was transmitted by overnight delivery to the following attorneys of record for

Plaintiffs, in accordance with the Federal Rules of Civil Procedure:

Brian E. Rumpf, Esquire
Debra H. Rumpf, Esquire
BRIAN E. RUMPF & DEBRA H. RUMPF PC
960 Radio Road
Little Egg Harbor, NJ 08087

Meredith L. Myers

# EXHIBIT "A"

## TO DEFENDANTS'
## NOTICE OF REMOVAL

BRIAN E. RUMPF & DEBRA H. RUMPF
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
960 Radio Road
Little Egg Harbor, NJ 08087
(609) 294-2227
Attorney for Plaintiffs

| | |
|---|---|
| VIKING YACHT COMPANY, a New Jersey Corporation, and POST MARINE CO., INC., a New Jersey Corporation, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Plaintiffs, | DOCKET NO.: BUR L 003220 04 |
| vs. | Civil Action |
| COMPOSITES ONE LLC, a Foreign Limited Liability Company, and COOK COMPOSITES AND POLYMERS, a Missouri Corporation, | FIRST AMENDED COMPLAINT |
| Defendants. | |

Plaintiffs, Viking Yacht Company and Post Marine Co., Inc., by way of complaint

against Defendants herein say:

1. This is an action for damages within this Court's jurisdictional limits.

2. Plaintiff, Viking Yacht Company, is a New Jersey corporation with its principal place

of business in Burlington County, New Jersey.

3. Post Marine Company, Inc., is a New Jersey corporation with its principal place of

business in Atlantic County, New Jersey.

4. Defendant, Composites One LLC, is an Illinois Limited Liability Company licensed to

do business in New Jersey.

5. Composites One conducts business in the state of New Jersey through offices and

agents located in New Jersey and sells various goods and services in New Jersey to New Jersey

customers, including Plaintiffs.

6.   Cook Composites and Polymers is a Missouri corporation which manufactures products including gel coats, which are sold through intermediaries, such as Composite One, to customers in New Jersey.

7.   Composites One, on information and belief, is majority owned by Cook Composites and Polymers.

8.   Viking Yacht Company (hereinafter "Viking") and Post Marine Company, Inc., (hereinafter "Post") are manufacturers of recreational motor yachts.

9.   As part of the manufacturing process, the hulls, decks and flybridges of these yachts are constructed of various composite materials which are layered to form the hull of the boat. The outermost layer or "skin" of the yacht is a material which is commonly referred to in the industry as gel coat.

10.  The gel coat is sprayed onto a mold, allowed to harden, and becomes the outer skin of the boat.  The remaining materials for the boat are then laid into the gel coat, which bonds with the material.

11.  Once sprayed on, the gel coat hardens.  It is a key cosmetic component of the yacht insofar as this outer skin is what is visually apparent to both customers and users.  The gel coat is composed of various polymers and other chemical compounds and is anticipated to have a life span of many years in marine use, which includes use in both salt and fresh water environments, rough seas, and all types of weather conditions.  The recreational boating industry typically considers a life span of gel coat to be in excess of thirty years.

12.  Cook Composites and Polymers manufactures gel coats and promotes its products for use by the recreational boating industry.  Composites One acts a distributor of the gel coat

manufactured by Cook Composites and Polymers.

13. Both Post and Viking were customers of Composites One and purchased gel coat manufactured by Cook Composites and Polymers.

14. Prior to purchasing the gel coat manufactured by Cook Composites and Polymers, Viking and Post met with representatives of both Cook Composites and Polymers and Composites One.

15. Both Cook Composites and Polymers and Composites One held themselves out as skilled and knowledgeable in the manufacture of gel coat products, as skilled and knowledgeable in the marine industry and the use and application of gel coat in the marine industry.

16. Representatives of Cook Composites and Polymers and Composites One specifically knew the intended use of the gel coat product they were manufacturing and selling, and the particular purpose for which the gel coat was to be used and that both Viking and Post were relying on their skill and judgment to select and furnish suitable goods.

17. Cook Composites and Polymers and Composites One specifically selected the particular gel coat to be sold to Viking and Post. Viking and Post relied on the skill and judgment of Cook Composites and Polymers and Composites One to formulate and provide gel coat that would be suitable for use in the marine industry and in the specific application of gel coat as the outer skin of recreational motor yachts. The specific gel coat at issue in this case, identified as 953 Series, was introduced as an improvement and replacement for 952 Series gel coat. The 952 Series gel coat had been used without incident by both Viking and Post.

18. Viking and Post purchased the 953 Series gel coat from Composites One, which was manufactured by Cook Composites and Polymers.

19. The gel coat purchased by Viking and Post was used as the outer skin for numerous

boats manufactured by them over the past several years.

20.   Within the past year, both Viking and Post experienced massive and systematic failures in the gel coat sold by Composites One and manufactured by Cook Composites and Polymers.

21.   These systematic failures occurred most often in boats which were stored or used in cold weather climates.  The failures consisted of extensive cracking of the gel coat skin.

22.   This systematic cracking and failure occurred only in boats which used gel coat manufactured by Cook Composites and Polymers and sold by Composites One.  This product failure was unique to the gel coat manufactured by Cook Composites and Polymers and is not typical of gel coat manufactured by others in the industry.

23.   It is believed that Cook Composites and Polymers and Composites One were aware of the specific problems inherent in the gel coat manufactured by them, but the representatives of Cook Composites and Polymers and Composites One who touted this product, selected this product, and sold this product to Viking and Post failed to disclose this inherent and latent problem in their product.  Although Cook Composites and Polymers and Composites One knew of the difficulties and problems related to their gel coat product, they concealed this knowledge from Viking and Post and continued to urge Viking and Post to use their product and to continue to purchase their product.  Viking and Post did, in fact, continue using the gel coat manufactured by Cook Composites and Polymers.

24.   As a result of this use, both Post and Viking now are faced with a situation of numerous boats which have severe and extensive cracking of the gel coat skin on boats they have manufactured in the past several years.

25.   Viking and Post have notified Cook Composites and Polymers of these problems as

well as Composites One, which has investigated the problems. Cook Composites and Polymers has issued an opinion indicating that the application of gel coat to the yachts was correct, that the curing process employed by Viking and Post was not the cause of the problems, and that nothing in the boat manufacturing process was the cause of the problem. Nonetheless, Cook Composites and Polymers and Composites One have denied any liability for the wholesale failure of their product and have instead claimed that the problem is a result of unknown causes.

26. Plaintiffs have been damaged by incurring the cost of repairing all the vessels which have experienced these failures and will incur future damages which will continue over the years.

## COUNT I - BREACH OF CONTRACT (VIKING)

27. Plaintiff, Viking Yacht Company, incorporates by reference all of the previous allegations as though fully stated herein and states.

28. Viking Yacht Company entered into a series of contracts with Composites One to purchase gel coat manufactured by Cook Composites and Polymers.

29. The consideration and object of the contract was that Composites One and Cook Composites and Polymers would provide gel coat that would be serviceable for use in the marine industry.

30. The gel coat provided by Composites One and Cook Composites and Polymers suffered wholesale failures especially when the product was applied to motor boats which were used and stored in cold weather environments.

31. The failure of Composites One and Cook Composites and Polymers to provide a product conforming to the contract requirements is a breach of the agreement between the parties.

32. As a result of the breach of agreement, Viking Yacht Company has suffered damages.

33. The damages which have sustained by Viking Yacht Company consist of repairing the gel coat failures on various yachts, and also consists of future damages, which will result from the continued failure of the gel coat product on other yachts which are still in use.

**WHEREFORE**, Viking Yacht Company demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

### COUNT II - BREACH OF CONTRACT (POST)

34. Plaintiff, Post Marine Company, incorporates by reference all of the allegations of Paragraphs 1 through 26 as though fully stated herein and states.

35. Post Marine Company entered into a series of contracts with Composites One to purchase gel coat manufactured by Cook Composites and Polymers.

36. The consideration and object of the contract was that Composites One and Cook Composites and Polymers would provide gel coat that would be serviceable for use in the marine industry.

37. The gel coat provided by Composites One and Cook Composites and Polymers suffered wholesale failures, specially when the product was applied to motor boats which were used and stored in cold weather environments.

38. The failure of Composites One and Cook Composites and Polymers to provide a product conforming to the contract requirements is a breach of the agreement between the parties.

39. As a result of the breach of agreement, Post Marine Company has suffered damages.

40. The damages which have sustained by Post Marine Company consist of repairing the gel coat failures on various yachts and also consists of future damages, which will result from the continued failure of the gel coat product to other yachts which are still in use.

WHEREFORE, Post Marine Company demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT III - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (VIKING)

41.     Plaintiff, Viking Yacht Company, incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and states.

42. Cook Composites and Polymers and Composites One are merchants as that term is defined by the Uniform Commercial Code.

43. The Defendants knew at the time of contracting the particular purpose for which the gel coat was required, and that the Plaintiff was relying on their skill and judgment to furnish suitable products.

44. The gel coat provided by Defendants was not suited for the particular purpose.

WHEREFORE, Viking Yacht Company demands judgment against Defendants jointly and severally, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT IV - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (POST)

45.     Plaintiff, Post Marine Company, incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and states.

46. Cook Composites and Polymers and Composites One are merchants as that term is

defined by the Uniform Commercial Code.

47. The Defendants knew at the time of contracting the particular purpose for which the gel coat was required, and that the Plaintiff was relying on their skill and judgment to furnish suitable products.

48. The gel coat provided by Defendants was not suited for the particular purpose.

WHEREFORE, Post Marine Company demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT V - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (VIKING)

49. Plaintiff, Viking Yacht Company, incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and states.

50. The Defendants are merchants as that term is defined in the Uniform Commercial Code.

51. As merchants, the products sold by Cook Composites and Polymer through Composites One carry with them an implied warranty of merchantability.

52. The gel coat sold by Composites One and manufactured by Cook Composites and Polymers was not merchantable in that it was not fit for the ordinary purposes for which such goods were to be used, did not run within the variations permitted in the agreement, and did not conform to the promises or affirmations of fact made by the Defendants concerning the quality of the product.

WHEREFORE, Viking Yacht Company demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT VI - BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY (POST)

53. Plaintiff, Post Marine Company, incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and states.

54. The Defendants are merchants as that term is defined in the Uniform Commercial Code.

55. As merchants, the products sold by Cook Composites and Polymer through Composites One carry with them an implied warranty of merchantability.

56. The gel coat sold by Composites One and manufactured by Cook Composites and Polymers was not merchantable in that it was not fit for the ordinary purposes for which such goods were to be used, did not run within the variations permitted in the agreement, and did not conform to the promises or affirmations of fact made by the Defendants concerning the quality of the product.

WHEREFORE, Post Marine Company demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

### COUNT VII - FRAUD

57. Plaintiffs incorporate by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and state.

58. Prior to selling products to Plaintiffs, Defendants Cook Composites and Polymers and Composites One were aware of defects and failures in the gel coat which was manufactured by Cook Composites and Polymers and sold by Composite One.

59. Despite their knowledge of the defects and problems with their product, the Defendants concealed the problems, and continued to promote their gel coat and to induce

Viking and Post to continue purchasing their product.

60. The representations made by Defendants concerning their product, and the Defendants' concealment of known facts which rendered their product defective and useless for its intended application, constitutes fraud.

61. Plaintiffs relied on the Defendants' representation to their detriment.

62. Plaintiffs would not have purchased the product but for Defendants' misrepresentations and would not have continued purchasing the product but for Defendants' knowing concealment of facts concerning the product.

63. As a result of the actions of the Defendants, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT VIII - NEGLIGENT MISREPRESENTATION

64. Plaintiffs incorporate by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and state.

65. Defendants made statements concerning the quality and durability of their products, which statements were untrue.

66. Defendants did not adequately investigate or have sufficient knowledge of their statements, and Defendants were in a position to know whether their statements were true or not. Defendants' statements concerning the quality of their product, the fitness or applicability of their product for the intended purpose were made negligently and with disregard to the truth of the statements.

67. Plaintiffs relied on Defendants' statements, including Defendants' assurances that the product would perform as specified even after Defendants had notice and knowledge that this

was not true.

68.  As a result of Plaintiffs' reliance on Defendants' statements, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT IX - BREACH OF EXPRESS WARRANTY (VIKING)

69.  Plaintiff, Viking Yacht Company, incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and states.

70.  Cook Composites and Polymers and Composites One made express representations and affirmations concerning the gel coat being sold to Viking Yacht Company.

71.  The representations concerning the product, its fitness, durability, and characteristics became part of the basis of the bargain and was relied on by Viking Yacht Company.

72.  The gel coat has suffered wholesale failures and does not conform to the representations made by Defendants.

73.  As a result of its use of the product, Viking Yacht Company has been damaged.

WHEREFORE, Plaintiff, Viking Yacht Company, demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT X - BREACH OF EXPRESS WARRANTY (POST)

74.  Plaintiff, Post Marine Company, incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully stated herein and states.

75.  Cook Composites and Polymers and Composites One made express representations and affirmations concerning the gel coat being sold to Post Marine Company.

76. The representations concerning the product, its fitness, durability, and characteristics became part of the basis of the bargain and was relied on by Post Marine Company.

77. The gel coat has suffered wholesale failures and does not conform to the representations made by Defendants.

78. As a result of its use of the product, Post Marine Company has been damaged.

WHEREFORE, Plaintiff, Post Marine Company, demands judgment against Defendants jointly and severally for damages, the cost of this action, and such other relief as may be warranted in law or equity.

## COUNT XI - VIOLATION ON CONSUMER FRAUD STATUTE (MISREPRESENTATION AND CONCEALMENT)

79. Viking Yachts Company and Post Marine Company incorporate by reference the allegations of paragraphs 1 through 26.

80. This claim is brought under the provisions of the New Jersey Consumer Fraud Act, Title 56:8 *et seq* ("the Act").

81. Viking Yachts Company and Post Marine Company are consumers under the definitions of the statute.

82. Defendants Cook Composites and Composites One violated the provisions of section 56:8-2 of the Act by misrepresenting, suppressing, failing to disclose, or by concealing, material information with the intent that Viking Yacht and Post rely on such omissions in purchasing the 953 Series gel coat.

83. Viking Yacht Company and Post Marine Company have suffered damages as a result of the actions of Defendants, which damages include, but are not limited to, repairs to yachts, damage to business good will and reputation and future damages with respect to yachts which have or will experience gel coat failures.

WHEREFORE Plaintiffs demand judgment against the Defendants jointly and severally, damages including three fold statutory damages, the costs of this action, attorney's fees and such other relief as is appropriate.

## COUNT XII - VIOLATION OF CONSUMER FRAUD STATUTE (UNCONSCIONABLE COMMERCIAL PRACTICE)

84. Viking Yacht Company and Post Marine Company incorporate by reference the allegations of paragraphs 1 through 26 and the allegations of paragraph 83.

85. In connection with the sale of the gel coat, Viking Yacht Company and Post Marine Company relied on the representations of Defendants as to the quality of the product. After the failures began, Defendant Cook Composites indicated that it had no liability to Plaintiffs based on an alleged "warranty disclaimer".

86. The "warranty disclaimer" is void and illusory in that Cook Composites provides no "warranty". The disclaimer is contained on the sixth page of a material data sheet, which was provided intermittently with the delivery of product after the decision to purchase the gel coat had been made.

87. The section relied on by Cook Composites is titled "Disclaimer and Limitation of Liability". The section provides in pertinent part:

> The products sold hereunder shall meet Seller's applicable specifications at the time of shipment. Seller's specifications may be subject to change at any time without notice to Buyer. Buyer must give Seller notice in writing of any alleged defect covered by this warranty (together with all identifying details, including the Production Code(s), description and date of purchase) within thirty 30 days of the date of shipment of the product or prior to the expiration of the shipment of the product or prior to the expiration of the shipment's quality life, whichever occurs first.

88. The language of this "disclaimer" is false and misleading, as it provides no warranty whatsoever.

89.  Moreover, this language contradicts the representations of Defendants that the product, 953 Series gel coat, was an improvement and replacement of the 952 Series gel coat, a known quantity, and that Plaintiffs could expect performance in line with their prior experience.

90.  The "disclaimer" provides Plaintiffs with no coverage for defects, since the plain meaning of the "disclaimer" only provides that the product will meet the "Seller's applicable specifications". In this case, Plaintiffs believe the gel coat was compliant with Seller's (Defendant Cook Composites) specifications, but the formulation does not work. Thus, even if the "disclaimer" had been properly disclosed to Plaintiffs,  the "warranty" is illusory and misleading since the disclaimer is in reality an "AS IS" sale.

91.  Constructing the gel coat skin is usually the first step in the boat manufacturing process. Gel coat is usually applied between 30 to 75 days after shipment and receipt of the product. Construction usually takes two to three months. The "Disclaimer" provides that the "warranty" period is either 30 days from shipment, or until the expiration of the product's quality life,  "whichever occurs first." This is an unconscionable commercial practice, since in every case the "warranty" will expire before the product is even used.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, damages, the costs of this action, threefold damages as provided by statute, attorney's fees and such other relief as is warranted.

BRIAN E. RUMPF & DEBRA H. RUMPF, P.C.
ATTORNEYS AT LAW

By: _____
BRIAN E. RUMPF, ESQUIRE

Dated:  December 18, 2004

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned is not aware of any other pending action or arbitration proceeding involving the subject matter and controversy and does not presently contemplate such action. Additionally, the undersigned is not presently aware of any other party which should be joined in this action.

BRIAN E. RUMPF & DEBRA H. RUMPF, P.C.
ATTORNEYS AT LAW

By: _____
BRIAN E. RUMPF, ESQUIRE

Dated: December 18, 2004


## DESIGNATION OF TRIAL COUNSEL

BRIAN E. RUMPF is hereby designated as trial counsel for the Plaintiff.

BRIAN E. RUMPF & DEBRA H. RUMPF, P.C.
ATTORNEYS AT LAW

By: _____
BRIAN E. RUMPF, ESQUIRE

Dated: December 18, 2004


## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury.

BRIAN E. RUMPF & DEBRA H. RUMPF, P.C.
ATTORNEYS AT LAW

By: _____
BRIAN E. RUMPF, ESQUIRE

Dated: December 18, 2004