```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| VIKING YACHT COMPANY, a New Jersey Corporation; and POST MARINE CO., INC., a New Jersey Corporation, | HONORABLE JOSEPH E. IRENAS |
| Plaintiffs, | CIVIL ACTION NO. 05-538(JEI) |
| v. | |
| COMPOSITES ONE LLC, a Foreign Limited Liability Company; CURRAN COMPOSITES, INC., a Missouri Corporation; C TWO LLC, a Foreign Limited Liability Company; and TOTAL COMPOSITES, INC., a Delaware Corporation joint d/b/a/ COOK COMPOSITES AND POLYMERS, a fictitiously named Delaware Partnership, | **ORDER** |
| Defendants. | |

**APPEARANCES:**

BRIAN E. RUMPF, Esq.
960 Radio Road
Little Egg Harbor, NJ 08087

HENRY J. TYLER, Esq.
Society Hill Office Park
1874 Route 70 East
Suite #4
Cherry Hill, NJ 08003
    Counsel for Plaintiffs

BUCHANAN INGERSOLL PC
By: Meredith Myers LeConey, Esq.
1835 Market Street
14th Floor
Philadelphia, PA 19103

By: Paul Kevin Brobson, Esq.
213 Market Street
3rd Floor
Harrisburg, PA 17101
    Counsel for Defendants

**IRENAS,** Senior District Judge:

This matter having appeared before the Court on Plaintiff Post Marine Co., Inc's ("Post") motion for reconsideration (Docket # 112) and Defendant Cook Composites and Polymers' ("CCP") cross-motion for clarification/reconsideration (Docket # 114), the Court having considered the submissions of the parties, for the reasons set forth in an Opinion issued by this Court on even date herewith, and for good cause appearing;

**IT IS** on this 18th day of September, 2007,

**ORDERED THAT:**

1) CCP's motion to file a reply memorandum (Docket # 120) is hereby **GRANTED**. The Court has considered the CCP's reply memorandum, submitted in conjunction with this motion, for purposes of the Court's reconsideration Opinion.

2) Post's motion for reconsideration (Docket # 112) is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED.**

   a) To the extent that Post used the 953 Series gel coat in the manufacture of its boats during 2002, Post's reconsideration motion is granted, and CCP's motion for summary judgment as to Post's claims in Count VII (Docket # 71) is hereby **DENIED.**

   b) The remainder of Post's reconsideration motion is denied.

3) CCP's motion for clarification/reconsideration is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED.**

   a) To the extent CCP's motion is premised upon Plaintiffs' New Jersey Consumer Fraud Act claims in Count XI, CCP's motion is denied.

b)  To the extent that CCP's motion is premised upon its limitation of remedies and exclusion of damages provision, CCP's motion for reconsideration is granted, and:

   i)  CCP's motion for summary judgment to enforce its limitation of remedies and exclusion of damages clause (Docket # 71) is hereby **DENIED**.

   ii) Plaintiffs' cross-motion for summary judgment to deny enforcement of CCP's limitation of remedies and exclusion of damages clause (Docket # 87) is hereby **GRANTED**.

s/ *Joseph E. Irenas*
JOSEPH E. IRENAS, S.U.S.D.J.