UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VIKING YACHT COMPANY, a New : 
Jersey Corporation; and POST :
MARINE CO., INC., a New Jersey:
Corporation, : HONORABLE JOSEPH E. IRENAS
 :
        Plaintiffs, :
 : CIVIL ACTION NO. 05-538 (JEI/JS)
    v. :
 :
COMPOSITES ONE LLC, a Foreign : **ORDER DENYING PLAINTIFFS'**
Limited Liability Company; : **MOTION FOR LEAVE TO APPEAL**
CURRAN COMPOSITES, INC., a :
Missouri Corporation; C TWO :
LLC, a Foreign Limited : **(Docket No. 277)**
Liability Company; and TOTAL :
COMPOSITES, INC., a Delaware :
Corporation joint d/b/a/ COOK :
COMPOSITES AND POLYMERS, a :
fictitiously named Delaware :
Partnership, :
 :
        Defendants. :

**APPEARANCES:**

HENRY J. TYLER, Esq.
P.O. Box 537
Mullica Hill, NJ 08062

BERGER SINGERMAN
By: Michael O. Weisz, Esq.
200 South Biscayne Boulevard
Suite 100
Miami, FL 33131
    Counsel for Plaintiffs

BUCHANAN INGERSOLL PC
By: Steven E. Bizar, Esq., Landon Y. Jones, Esq.
1835 Market Street, 14th Floor
Philadelphia, PA 19103
    Counsel of Defendant Cook Composites and Polymers


**IRENAS**, Senior District Judge:

    This matter having appeared before the Court upon

Plaintiffs' Motion to Amend Interlocutory Orders to Include Certification for Immediate Appellate Review Pursuant to 28 U.S.C. § 1292(b) and Motion to Stay Pending Appellate Review (Docket No. 277), the Court having reviewed Plaintiffs' submissions, and it appearing that:

(1) In the instant Motion, Plaintiffs have requested that the Court amend its Orders entered on July 26, 2007, granting summary judgment in favor of Defendant on Count XII, June 2, 2009, granting summary judgment in favor of Defendant on Count XI, and June 8, 2009, denying reconsideration of the June 2, 2009, Order,[1] pursuant to 28 U.S.C. § 1292(b)[2] so that they may

---

[1] Counts XI and XII were Plaintiffs' claims for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2. Count XI was based on a theory of affirmative misrepresentations by CCP, and Count XII was based on a theory that CCP issued a "sham warranty."

[2] Section 1292(b) provides:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

18 U.S.C. § 1292(b).

immediately file an appeal with the Court of Appeals.

(2) In order to justify an interlocutory appeal pursuant to § 1292(b), a Plaintiffs must show "(1) that the order at issue involves a controlling issue of law, which if erroneously decided, would result in reversible error on final appeal, (2) that there is substantial ground for difference of opinion about the resolution of the issue, and (3) that an immediate appeal will materially advance the ultimate termination of litigation." *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556-57 (D.N.J. 2003) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir.1974)).

(3) While Plaintiffs neither explicitly, nor concisely, state what the "controlling issue of law" is, the Court can reasonably infer from Plaintiffs arguments that the Motion is based generally on the dismissal of the two NJCFA counts. While the Court acknowledges that "the question is serious to the conduct of the litigation either practically or legally," because, should the Court of Appeals ultimately reverse the aforementioned decisions, the result will likely be a new trial. "Nevertheless, a 'controlling' question under § 1292(b) must also be a question 'of law,' and it must be a question about which there is 'substantial ground for difference of opinion.'" *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 210 (D.N.J. 1996)

(4) Merely disagreeing with the Court's ruling does not

3

provide Plaintiffs with a substantial ground for difference of opinion for Section 1292(b) purposes.  *See Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *Hulmes*, 936 F. Supp. at 208.  Generally, "[i]ssues of fact are not an appropriate basis for an interlocutory appeal."  *Truong v. Kartzman*, No. 06-3286, 2007 WL 1816048, at *3 (D.N.J. June 22, 2007) (citing *Christy v. Pa. Tpk. Comm'n*, 912 F. Supp. 148, 148-49 (E.D.Pa. 1996)).

(5) Plaintiffs' argument is based on the premise that they did in fact provide evidence of an affirmative misrepresentation, and that the jury could have found in their favor.  However, after the massive amount of discovery in this case, the Court did not see adequate evidence of either an affirmative misrepresentation or a knowing omission necessary to prove a violation of the NJCFA.  While "[t]he grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard," Plaintiffs' dispute appears not to be with the legal standard, but rather with the Court's interpretation of the facts.  *Truong*, 2007 WL 1816048, at *3 (citing *Kapossy*, 942 F. Supp. at 1001).  "Section 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court."  *Hulmes*, 936 F. Supp. at 210 (citing *Link v. Mercedes-Benz*, 550

4

F.2d 860, 863 (3d Cir. 1977)). As such, Plaintiffs have failed to satisfy the second prong.[3]

(6) With regard to the third prong, advancing the ultimate termination of the litigation, the Court first notes that this Motion was filed on the eve of what will likely be a lengthy trial.[4] "Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" *Hulmes*, 936 F. Supp. at 212 (quotation and citation omitted). Furthermore, the Court does not feel that holding a trial only on the breach of warranty issue would be a waste of judicial resources even if the ultimate appeal is successful.[5] Such a trial would provide the Court of Appeals

---

[3] The Court recognizes, however, that the evidence always looks different once trail has begun. Additionally, the Court notes that none of its Orders have blocked the Plaintiffs from presenting evidence that might have otherwise been important for their NJCFA claims. Much of the same testimony would be necessary to prove their breach of warrant claim as would have been necessary for their NJCFA claims. Plaintiffs admit that "[t]he evidence and testimony to be presented has not been materially reduced by the Court's rulings." (Pl. Br. at 12.) Should Plaintiffs actually introduce evidence at trial that causes the Court to reconsider its previous rulings, the possibility remains open that the Court could revise them at the close of Plaintiffs' case.

[4] The Motion was filed electronically on June 12, 2009. The Court received a copy of Plaintiffs' papers on June 15, 2009, and the trial is scheduled to begin June 22, 2009.

[5] Plaintiffs have indicated repeatedly in their moving paper that they would appeal the Courts summary judgment rulings even if they prevail at trial on the remaining breach of warranty claim. (*See* Pl. Br. at 7-8, 9, 13.)

5

with a complete record of all the evidence in the case, which will be particularly helpful given the parties conflicting interpretations of the record as it currently exists.  As such, an interlocutory appeal will not materially advance the ultimate termination of the litigation.

And for good cause shown,

**IT IS** on this 15th day of June, 2009,

**ORDERED THAT:**

Plaintiffs' Motion to Amend Interlocutory Orders to Include Certification for Immediate Appellate Review Pursuant to 28 U.S.C. § 1292(b) and Motion to Stay Pending Appellate Review (Docket No. 277) is hereby **DENIED.**

                                           s/ Joseph E. Irenas
                                          Joseph E. Irenas, S.U.S.D.J.